UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

JAMES MAURICE HENRY

    Plaintiff,

                                Case No. 1:26-cv-00601-MTK

                        FIRST AMENDED CIVIL RIGHTS COMPLAINT

                              (42 U.S.C. §§1983 & 1988)

v.

CITY OF ASHLAND; JACKSON COUNTY;
ASHLAND POLICE OFFICERS- MIKE VANDERLIP; JASON BILLINGS; RILEY GOMEZ;
CISCO HARRIS; SCOTT WENZEL SGT.BLAKE CAM; BRIAN GREIDANUS; ROB LEONARD;
BON STEWART; SGT.THERON HULL; CHIEF TIGHE O MEARA; DET. LINDSEY EVERETT;
DEPUTY CHIEF MOULIN; JACKSON COUNTY SHERRIFS; DEPUTY TY RIDEOUT(K9); DET.
TANNER SHERROD; WILLIAM WENZEL;ADAM LEWIS; SWAT OFFICERS; BRENT READAL;
NATHAN MATEOS; EVAN WESTHELE; RYAN TUFF; TOM HOHL; NATHAN GRIEVE;
MATTHEW HAGER; JESUS MUNILLO; DET.TANNER SHERROD; WILLIAM WENZEL; ADAM
LEWIS;JACKSON COUNTY JAIL STAFF; SGT WALKER; Ofc. PRICE; Ofc.CARPENTER; AND
DOES 1-50.

Defendants.

## INTRODUCTION

1. This action arises from a coordinated law-enforcement operation resulting in Plaintiff's unlawful seizure, arrest, detention, prosecution, physical injury, denial of medical care, retaliation for protected conduct, involuntary psychiatric commitment, and deprivation of constitutional rights.

2. Defendants acted under color of state law and deprived Plaintiff of rights secured by the First, Fourth, Sixth, Eighth, and Fourteenth Amendments.

3. All criminal proceedings terminated in Plaintiff's favor, including Case Nos. 24CR66280 and 25CR06147 and the restraining-order proceedings.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. §§1331 and 1343.
5. This action is brought pursuant to 42 U.S.C. §§1983 and 1988.
6. Venue is proper in this district under 28 U.S.C. §139(b).

## PARTIES

7. Plaintiff James Maurice Henry is a citizen of the United States and resident of Oregon.
8. Defendant City of Ashland is a municipal entity responsible for policy, training, supervision, and discipline.
9. Defendant Jackson County is responsible for, discipline, detention operations, jail medical services, and county law enforcement.
10. All individual defendants acted under color of state law.

## FACTUAL ALLEGATIONS

A. Initial Restraining Order Contact.

11. On November 19, 2024, a restraining order was issued under Case No. 24P011814.
12. On December 5, 2024, Defendant Riley Gomez transmitted departmental communications directing officers to contact Plaintiff regarding service of the restraining order.
13. Gomez's actions initiated a chain of events that ultimately resulted in Plaintiff's seizure, arrest, and prosecution.
14. On December 12, 2024, at approximately 2136 hrs, Defendants Theron Hall and Cisco Harris contacted Plaintiff at his residence.
15. Plaintiff communicated with officers through the door.
16. Plaintiff was cooperative, nonviolent, and unarmed.
17. Officers did not arrest Plaintiff.
18. Officers observed no criminal conduct.
19. Officers left the property after serving paperwork.
20. Incident reports later documented that officers intentionally delayed enforcement because immediate action was not considered necessary.
21. This determination demonstrated the absence of any emergency requiring tactical intervention.

B. Probable Cause Investigation.

22. Defendant Mike Vanderlip relied primarily upon statements from Tad Stewart, John Anderson, and Jim Benson.

23. Vanderlip personally witnessed none of the alleged offenses.

24. Vanderlip documented difficulty understanding portions of witness statements.

25. Vanderlip further documented that witness Anderson refused to provide additional details.

26. Despite these deficiencies, Vanderlip prepared reports and affidavits asserting probable cause.

27. Vanderlip, Hall, Wensel , Harris, Camp, and Rideout reviewed Plaintiff's prior history despite those matters having no connection to the allegations being investigated.

28. The investigation relied on historical allegations rather than contemporaneous evidence.

C. Tactical Deployment and Arrest.

29. On December 13, 2024, at approximately 10:00 am., Defendants Vanderlip, Hall, Wensel, Harris, Camp, Rideout, Johnson, Reyes, Tuff, Radel, Mateos, and additional officers surrounded Plaintiff's residence.

30. Officers deployed a K-9 unit.

31. Officers established a perimeter.

32. Officers maintained tactical containment for approximately 3 hrs.

33. No officer possessed firsthand knowledge of ongoing criminal conduct.

34. No officer observed Plaintiff commit a crime during the operation.

35. No exigent circumstances existed.

36. Despite these facts, tactical resources were deployed.

37. Plaintiff's freedom of movement was restrained.

38. Plaintiff was subjected to an overwhelming show of force.

39. At approximately 10:56 a.m., officers induced Plaintiff to exit the residence.

40. Body-camera recordings reflect officers stated they merely wished to speak with Plaintiff if he demonstrated he possessed no weapons.

41. After Plaintiff complied and exited, officers immediately tried to attack from behind with (k9) to arrested him.

42. Plaintiff was compliant.

43. Plaintiff was unarmed.

44. Plaintiff posed no immediate threat.

D. Warrant Procurement and Judicial Deception.

45. Defendant Lindsay Everett prepared the affidavit used to obtain search and arrest warrants.

46. Everett omitted material facts from the warrant application.

47. Omitted facts included prior decisions not to enforce the restraining order.

48. Omitted facts included the absence of exigent circumstances.

49. Omitted facts included Plaintiff's cooperation with officers.

50. Omitted facts included the stable nature of the encounter before escalation.

51. These omissions materially affected probable-cause determinations.

52. Warrant was issued based upon incomplete and misleading information at 11:56am. At which time swat officers knocked the door off the hinges with weapons drawn an overwhelming show of force.

E. Equal Protection Concerns.

53. During the encounter Plaintiff informed dispatch personnel and officers that he believed he was being falsely accused and targeted because he was an African-American male.

54. Dispatch records and recordings document those statements.

55. Despite receiving this information and despite evidence undermining the allegations, officers escalated enforcement actions.

F. Lack of Counsel During Critical Stages.

56. On December 16, 2024, Plaintiff requested appointed counsel.

57. Plaintiff was assigned only placeholder representation.

58. Plaintiff lacked meaningful attorney consultation before critical proceedings.

59. On December 17, 2024, Plaintiff was indicted.

60. On December 18, 2024, Plaintiff was arraigned.

61. Plaintiff did not have meaningful legal representation during those proceedings.

62. On January 6, 2025, Plaintiff requested discharge of placeholder counsel.

63. On January 9, 2025, Judge Cromwell granted the request and summarily held plaintiff in contempt despite any contemporary acts in the courts presence or outside the court and sentence plaintiff to maximum jail time.

64. Replacement counsel was not appointed until February 6, 2025.

65. Plaintiff remained without effective representation during critical stages of criminal proceedings, this would chill any ordinary persons of exercise of constitutional rights.

G. Continued Detention Through Additional Charges.

66. On January 30, 2025, Vanderlip initiated an investigation regarding allegations dating back to September 2024.

67. The investigation occurred shortly before Plaintiff's anticipated release.

68. On February 5, 2025, additional assault charges were filed.

69. The filing of those charges caused continuation of Plaintiff's detention.

70. Defendants failed to conduct an adequate investigation and ignored exculpatory evidence.

H. February 4, 2025 Jail Assault.

71. On February 4, 2025, Plaintiff was restrained and not resisting.

72. Defendant Price applied compressive body force.

73. Defendant Carpenter twisted Plaintiff's arm beyond any legitimate need.

74. Plaintiff immediately experienced pain and neurological symptoms.

75. Defendant Walker witnessed the incident and failed to intervene.

I. Deliberate Indifference.

76. Plaintiff repeatedly requested medical attention.

77. Plaintiff complained of pain, numbness, and neurological symptoms.

78. Defendants failed to provide timely diagnostic evaluation.

79. Plaintiff remained in segregation for approximately two days without adequate treatment.

80. Medical records document continuing injury.

J. Retaliation and Psychiatric Commitment.

81. Plaintiff filed motions, grievances, complaints, and requests for legal materials.

82. Thereafter Plaintiff experienced punitive segregation, interference with legal communications, restricted court access, and involuntary psychiatric commitment.

83. On March 4, 2025, Plaintiff was transported to Oregon State Hospital.

84. Plaintiff remained shackled for approximately eight hours during transport and confinement in a holding area the size of a gym locker.

85. The timing of these actions closely followed Plaintiff's exercise of protected constitutional rights.

K. Favorable Termination.

86. On June 10, 2025, Plaintiff was found fit to proceed.

87. On June 13, 2025, Plaintiff posted bail.

88. Criminal proceedings and related restraining-order proceedings ultimately terminated in Plaintiff's favor January 2026.

## MONELL ALLEGATIONS

89. Plaintiff incorporates all preceding paragraphs.

90. Defendants City of Ashland and Jackson County maintained customs and practices allowing escalation of civil matters into tactical operations without adequate probable-cause review.

91. Policymakers had actual or constructive notice of unconstitutional conduct.

92. Policymakers ratified the conduct by failing to discipline or correct it.

93. These policies and failures were the moving force behind Plaintiff's injuries.

CLAIMS FOR RELIEF

## COUNT I
## UNREASONABLE SEIZURE
### ( Fourth Amendment)

94. Plaintiff incorporates all preceding paragraphs.

95. Defendants seized Plaintiff without probable cause.

96. The seizure involved deception, coercion and overwhelming force without exigency.

97. Plaintiff suffered loss of liberty and damages.

## COUNT II
## JUDICIAL DECEPTION( Fourth Amendment)

98. Plaintiff incorporates all preceding paragraphs.

99. Defendant Everett omitted material facts from warrant applications.

100.     Defendant Vanderlip provided misleading information.

101.     The Warrant would not have issued but for those omissions.

## COUNT III
## MALICIOUS PROSECUTION

102.     Plaintiff incorporates all preceding paragraphs.

103.     Defendants initiated and continued prosecution without probable cause.

104.     Proceedings terminated in Plaintiff's favor.

105.     Plaintiff suffered damages.

## COUNT IV
## EXCESSIVE FORCE ( Forth Amendment)

106.     Plaintiff incorporates all preceding paragraphs.

107.     Defendants used objectively unreasonable force.

108.     Defendant Price applied compressive force.

109.     Defendant Carpenter twisted Plaintiff's arm while Plaintiff was restrained.

110.     Defendant Walker failed to intervene.

## COUNT V
## DELIBERATE INDIFFERENCE ( Fourteenth Amendment)

111.     Plaintiff incorporates all preceding paragraphs.

112.     Defendants knew Plaintiff had serious medical needs.

113.     Defendants knowingly disregarded those needs.

114.     Plaintiff suffered injury.

## COUNT VI
## FIRST AMENDMENT RETALIATION

115.    Plaintiff incorporates all preceding paragraphs.
116.    Plaintiff engaged in protected conduct.
117.    Defendants imposed  adverse actions.
118.    Retaliation was a substantial motivating factor.

## COUNT VII
## DENIAL OF COUNSEL(Sixth Aendment)

119.    Plaintiff incorporates all preceding paragraphs.
120.    Plaintiff lacked meaningful access to counsel during critical stages.
121.    Defendants caused constitutional deprivation.

## COUNT VIII
## EQUAL PROTECTION(Fourteenth Amendment)

122.    Plaintiff incorporates all preceding paragraphs.
123.    Plaintiff raised Race based concerns.
124.    Defendants acted either discriminatory intent or deliberate indifference.

## COUNT IX
## MUNICIPAL LIABILITY(Monell)

125.    Plaintiff incorporates all preceding paragraphs.
126.    Plaintiff's injuries were caused by municipal policy, custom and ratification.

## EVIDENTIARY SUPPORT AND CORROBORATION OF ALLEGATIONS

Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:
A. Body-Worn Camera and Tactical Audio Evidence

Defendants, including Mike Vanderlip, Jason Billings, Riley Gomes, Cisco Harris, Scott Wenzel, Blake Cam, Brian Greidanus, Ron Leonard, Ben Stewart, and associated Jackson County SWAT personnel were equipped with body-worn recording devices and/or were operating within recorded tactical channels during the December 13, 2024 seizure. Audio and video evidence obtained through criminal discovery captures:

• The absence of any immediate threat posed by Plaintiff;

• The lack of contemporaneous probable cause articulated prior to seizure;

• Coordinated tactical escalation inconsistent with the known facts at the scene;

• Statements by officers reflecting uncertainty, speculation, or reliance on unverified information.

These recordings directly contradict any assertion that exigent circumstances justified militarized detention procedures.

B. Dispatch Logs, CAD Reports, and Investigative Files

Dispatch communications, Computer-Aided Dispatch (CAD) logs, and investigative reports generated by the Ashland Police Department and Jackson County Sheriff's Office reflect:

• No verified real-time criminal conduct observed by responding officers;

• Reliance on secondhand or uncorroborated allegations;

• Absence of time-sensitive conditions requiring immediate tactical deployment.

These records demonstrate that supervisory personnel, including Sergeant Theron Hull, approved enforcement actions despite incomplete or insufficient factual bases.

C. Prosecutorial and Charging Record Evidence

Charging instruments initiated or advanced with participation from Detective Lindsey Everett and other investigative personnel relied on:

• Omitted exculpatory evidence;

• Materially misleading factual summaries;

• Allegations not supported by verifiable evidence.

The complete dismissal of all charges by the Jackson County Circuit Court constitutes objective evidence that probable cause was lacking at the time of initiation and continuation of prosecution.

D. Jail Incident Reports and Use-of-Force Documentation

On February 4, 2025, Defendants Sergeant Walker, Officer Price, and Officer Carpenter generated incident reports and use-of-force documentation relating to the custodial assault. These records, when compared against surveillance footage and medical complaints logged immediately after the incident, demonstrate that force was applied after Plaintiff was restrained and no longer resisting.

E. Medical Records and Grievance Documentation.

Plaintiff's medical records, jail medical request forms, and grievance filings document:

• Immediate onset of neurological symptoms, including numbness and loss of sensation;

• Repeated complaints of severe pain and functional impairment;

• Failure by Defendants to provide timely diagnostic evaluation or specialist referral.

These records establish deliberate indifference by showing knowledge of a serious medical need and conscious disregard of that need by custodial staff.

F. Retaliation Evidence and Temporal Proximity.

Court filings, jail records, and disciplinary logs establish that Plaintiff engaged in protected activity, including filing motions, objecting to confinement conditions, requesting legal materials, and reporting misconduct.

Adverse actions taken by Defendants—including punitive housing, obstruction of court access, and involuntary psychiatric confinement—occurred in close temporal proximity to Plaintiff's protected conduct, supporting a reasonable inference of retaliatory motive.

G. Municipal Liability Evidence (Policy, Custom, and Ratification).

The coordinated actions of multiple officers across agencies, including APD and Jackson County personnel, demonstrate:

• A pattern of conduct consistent with informal policy or entrenched custom;

• Failure of supervisory personnel, including Chief O'Meara and Deputy Chief Moulin, to correct constitutional violations;

• Affirmative approval of unconstitutional conduct.

Audio evidence, supervisory approvals, and lack of corrective action constitute ratification by final policymakers.

H. Evidentiary Conclusion.

The totality of evidence—including audio recordings, video footage, official reports, medical documentation, and court records—provides objective, verifiable support for Plaintiff's claims. This evidence demonstrates that Defendants' actions were not the result of reasonable mistake, but rather constituted deliberate, coordinated, and unconstitutional conduct resulting in deprivation of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. Compensatory damages in an amount to be determined at trial, but not less than $50,000,000, for violations of Plaintiff's constitutional rights, including unlawful seizure, excessive force, unlawful entry, deprivation of liberty, emotional distress, physical injury, and ongoing harm;

B. General damages for pain and suffering, emotional distress, humiliation, and loss of enjoyment of life;

C. Special damages for economic losses incurred, including but not limited to legal expenses, loss of income, and other financial harm;

D. Punitive damages against the individual Defendants in an amount sufficient to punish and deter similar misconduct, based on their reckless and callous disregard for Plaintiff's constitutional rights;

E. Declaratory relief stating that Defendants' actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution;

F. Injunctive relief requiring Defendants City of Ashland and Jackson County to implement constitutional policies, training, and supervision regarding use of SWAT and militarized tactics, deployment of flashbang/NFDD devices, warrant procedures, and protection of pretrial detainees;

G. Reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 (if counsel is obtained);

H. Pre-judgment and post-judgment interest as allowed by law;

I. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable pursuant to federal rule of Civil Procedure 38.

Respectfully submitted,

/s/ James Maurice Henry
Plaintiff, Pro Se
9404 Ardwick Ardmore road Upper Marlboro, MD 20774
Email; henry1983case@myself.com